Bennett WISE, a minor by his parent and natural guardian, Paula Wise

v.

Vincent SAUERS, Principal, Marple-Newtown Senior High School

and

Directors of the Marple-Newtown Joint School District.

Civ. A. No. 70-1274.

United States District Court,
E. D. Pennsylvania.

June 29, 1972.

---

Bernard L. Segal, Segal, Appel & Natali, Philadelphia, Pa., for plaintiff.

Vram Nedurian, Jr., Newtown Square, Pa., for Dr. Sauers.

Edwin McCoy, Philadelphia, Pa., for Marple-Newtown Joint School District.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

This is an action for injunctive relief from alleged unconstitutional conduct and for damages against the defendants Vincent Sauers, Principal of the Marple-Newtown Senior High School and the Directors of the Marple-Newtown Joint School District in Marple Township, Delaware County, Pennsylvania. It is alleged that the defendant School District through its official agent, defendant Principal Sauers, punished, harassed and intimidated the minor plaintiff, a student at the Marple-Newtown Senior High School, because of his exercise of rights guaranteed him under the First and Fourteenth Amendments to the United States Constitution, to wit, the wearing of an armband announcing a rally and an armband declaring "Stop the Killing".

This opinion shall represent the Court's findings of fact and conclusions of law pursuant to Rule 52, Fed.R.Civ.P., 28 U.S.C., and shall serve to render moot any decision on a motion reserved at the time of trial.

The events in this case are a by-product of the public reaction to the involvement of American and Vietnamese troops in Cambodia, and the unfortunate killing on May 4, 1970 of four students at Kent State University. People in all walks of life were troubled by these events, however, the most outward reaction was manifest in the student community. There existed at this time a general state of tension and unrest, and in some cases, violence and disorder in the high schools and college campuses throughout the nation.

Marple-Newtown Senior High School is a large comprehensive high school located in Delaware County, Pennsylvania, with a faculty of about 125 professional employees and 1,970 boys and girls from grades 10, 11, and 12, with 33 academically talented 9th graders in the school plant.

The reaction at Marple-Newtown was manifest by the distribution of literature against the war; the distribution of literature urging students to attend protest rallies; the wearing of armbands, and the same tense and uneasy atmosphere which dominated the student community generally. It is in the context of this tense, electrified atmosphere that we are called upon to judge the conduct of Dr. Sauers and his colleagues.

On May 7, 1970, the plaintiff, Bennett Wise, age 16, an 11th grade student, wore a white armband in school with the word "strike" written on it. On that same morning it was estimated that thirty to fifty students wore armbands, many of which had "strike" or "rally" or "stop the killing" on them. At or about 10:00 a. m., Bennett Wise was re-

ferred to Dr. Sauers by his mathematics teacher. Six or seven youngsters had already been referred to Dr. Sauers for wearing armbands with "strike" or "rally" on them. They were told that they were not authorized to wear armbands which advocated violation of the Compulsory Attendance Laws of the Commonwealth of Pennsylvania, but they would be permitted to wear armbands which did not have "strike" or "rally" on them. The six or seven students cooperated. Dr. Sauers talked with Bennett Wise and told him that he could not authorize him to wear an armband with the word "strike", that it was disruptive, and that Bennett Wise would have to remove it in order to continue in the student body, which he refused to do. Bennett Wise telephoned his mother, plaintiff Paula Wise, who arrived at the school at a time when Dr. Sauers and his two assistant principals, Mr. James A. Shafer, Jr., and Dr. Keith I. Kingsbury were having a staff meeting which was devoted to the situation in the high school as it related to the Cambodian situation and Kent State University. The administrators interrupted their meeting to discuss the situation with Mrs. Wise. She was told by Dr. Sauers that he had indicated to her son that the school could not authorize the wearing of an armband with the word "strike" on it, and that her son's feelings towards the war in Cambodia could be expressed by wearing a plain armband or one with a peace symbol on it, and that the word "strike" was disruptive and advocated violation of school attendance laws. Plaintiff Paula Wise left the office and told her son that if his purpose was to incite riot and instigate and cause trouble, then he should leave the word "strike" on, take his suspension, and that would be it. If, on the other hand, he wanted to inform the student body of something and express an opinion, then she felt it was the thing to do to change the wording on the armband to the peace symbol and mass meeting Saturday. Bennett Wise borrowed a magic marker from one of the office secretaries and wrote "Rally Sat." on the reverse side of the armband. He then returned to class the same day. During the remainder of the day similar incidents occurred in which students were requested to remove the offending armbands for more neutral and passive armbands, either plain or with a peace symbol. Most students cooperated and took off their armbands or changed to a plain one or one having a peace symbol. In fact, during all this time and subsequently, there is recorded only one other student suspension.

On the same date, between 12:00 noon and 1:00 p. m., Bennett Wise was at a pay telephone in a hall trying to call the American Civil Liberties Union, wearing an armband with "Rally" on it. This may or may not have been the same armband referred to above, however, we find that fact unimportant. During a routine round of the school, Dr. Kingsbury saw Bennett Wise at the phone booth and asked him to accompany him to his office. At the office, Dr. Kingsbury told Bennett Wise he could wear a black armband, or one with a peace symbol, or dove, or an omega sign, but because of the tension in the school he could not permit him to continue to wear the armband with the word "Rally". Bennett Wise refused to change the armband and was suspended. On the same day, at or about 1:30 p. m., the principals conferred and decided that Dr. Sauers would make an announcement over the inter-communications system to the student body. Dr. Sauers told the students that these were rather difficult times, not only in America, but in the life of a high school principal, and that the situation was serious, that he wanted their cooperation, that the student body was divided into two camps, one camp in support of the position of the Federal Government, and one camp in opposition; one in sympathy with Kent State, and perhaps one not, and that he would ask their cooperation to bear with him during this trying time, that he would authorize the wearing of armbands in accordance with the Tinker v. Des

Moines court decision, and he indicated that although the decision specifically permitted black armbands, he would permit armbands of any color.

On Friday, May 8, 1970, many students were on class trips. The students not on class trips were required to attend school, but there was a high absentee rate of students not participating in the class trips. Bennett Wise, voluntarily remained home from school on that day.

On Monday, May 11, 1970, Bennett Wise returned to school wearing a third armband with the words "stop the killing". At or about 10:30 Bennett's teacher sent him to Dr. Sauers' office. Dr. Sauers requested Bennett to remove the armband, and upon his refusal suspended him until he returned without it. Dr. Sauers objected to the wearing of the armband which could have caused disruption of the educational processes in the senior high school. Bennett Wise remained out of school on Tuesday, May 12, 1970, Wednesday, May 13, 1970, when the instant suit was filed, and by agreement of counsel, he returned to classes on Thursday, May 14, 1970. On the following Monday, May 18, 1970, the school board of the Marple-Newtown School District met in regular session that evening, and a resolution was adopted as follows: "Mr. Muroff moved and Mr. Burgess seconded, that the action of Dr. Sauers and Mr. Kingsbury in suspending Bennett Wise on May 7th and May 11th be upheld, and that his suspension be terminated, effective immediately, without condition." The said resolution was adopted unanimously.

Although Bennett Wise has since graduated and the critical period long past, the case is not rendered moot because the suspensions remain a part of the school record. Plaintiff specifically asks us to order that the records of suspension be expunged.

This Court has jurisdiction in this case under 42 U.S.C. § 1983; 28 U.S.C. § 1343(3), (4).

The temporary restriction by the school against the wearing of the armbands with the words "strike", "rally", and "stop the killing" was not related to the suppression of "pure speech", or to the popularity or unpopularity of the ideas sought to be expressed thereby, or the administrator's view of the same. The restriction was related to the potentially disruptive situation at the school at that time. Dr. Sauers and his colleagues were interested in and had the responsibility to insure the continuing education and safety of all students. This Court will not now second guess their judgment. We feel that the limited restrictions imposed upon the students were reasonable and necessary. The refusal of a student to obey the reasonable requests in this case was insubordinate and unprotected activity. See, Tinker v. Des Moines Independent Community School District, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969).